## INTERNATIONAL SHOE MACHINE CORPORATION, Plaintiff,

v.

## UNITED SHOE MACHINERY CORPORATION, Defendant.

Civ. A. No. 56–1083–C.

United States District Court
D. Massachusetts.

June 29, 1962.

See also 167 F.Supp. 93.

C. Keefe Hurley, Malloy, Sullivan & Myerson, Boston, Mass., Ernst O. Seyfarth, West Newton, Mass., for plaintiff.

Choate, Hall, & Stewart, John B. Reigeluth, Robert Proctor, Boston, Mass., Davis, Polk, Wardwell, Sunderland & Kiendl, Theodore Kiendl, Ralph M. Carson, New York City, for defendant.

CAFFREY, District Judge.

This matter came before the Court for a hearing on Ground One of plaintiff's motion to vacate judgment and for a new trial, namely, that "on the basis of the affidavit of Jacob S. Kamborian attached hereto, it appears probable that the defendant improperly influenced the jury verdict," and for argument of counsel as to the remaining grounds set out in the motion.

Plaintiff called six witnesses in a vain attempt to elicit some evidence in support of the charge of jury-tampering. The first two witnesses Thomas D. Welch and Ralph M. Carson, Esq., were interrogated only with reference to a prior mistrial which resulted in the discharge of a completely different jury. That incident was not relevant in any way to the charge of improperly influencing the jury which returned the verdict plaintiff now seeks to set aside.

Plaintiff called its president and principal owner, Jacob S. Kamborian, whose affidavit was filed in support of the motion. Mr. Kamborian admitted that he had no knowledge of the contents of any alleged conversation between Herbert Pfaff, an employee of defendant, and John J. Zani, a member of the jury. Nothing in his testimony substantiated in any degree whatsoever plaintiff's claim that defendant improperly influenced the jury verdict.

Plaintiff also called one Webb White, a partner in the brokerage firm of A. C. Allyn Company, employer of juror John J. Zani. Nothing in Mr. White's testimony tended to indicate any improper activity whatsoever on the part of the defendant.

Finally, plaintiff called juror Zani and defendant's employee Pfaff. Pfaff testified that for several years he had maintained a "margin" account with A. C.

Allyn Company and that he dealt with a "customer's man" named George Babb; that in March or April he instructed Babb to close out the margin account and open a regular account for him; that thereafter several weeks elapsed during which time the margin account was not closed out; that on May 7, 1962, while passing the Allyn Company office, which is located in close proximity to the United Shoe office, he went in to inquire of Babb why the margin account had not been closed in accordance with his instructions; that he was told that Babb was in Florida on vacation and was directed from the second floor to the cashier's office located on the third floor; that upon arrival there he first told his problems to a young lady not otherwise identified and that after a few minutes she directed him to a man who he later learned, from newspaper publicity about this motion, was juror Zani; that during the time he was at the Allyn office he was not told Zani's name, was not aware that this case was on trial, was not told and was completely unaware that Zani was on the jury sitting in this case, and that nothing whatsoever was said about the trial.

Zani corroborated Pfaff's testimony as to the reason for Pfaff's visit to the Allyn Company office, as to his reasonable exasperation at Babb's failure to effect the change that he had requested in his account several weeks earlier, and as to the fact that there was no discussion whatsoever of the pending case.

Both Zani and Pfaff impressed me as credible witnesses. I believe their testimony to the effect that there was no mention or discussion of or reference of any nature to the case involved herein by either of them. I give additional weight to this identity of testimony because of the fact that all witnesses were sequestered prior to the commencement of the hearing, other than counsel.

In summary, as to Ground One of plaintiff's motion, I find and rule that the statement contained therein, that "it appears probable that the defendant improperly influenced the jury verdict,"

is a reckless accusation by plaintiff against defendant, charging defendant with the commission of a Federal crime, which charge is completely groundless and without foundation on the record of this case. I further find and rule that there has been a total failure by plaintiff to adduce any credible evidence reasonably tending even to suggest, much less prove; that defendant or anyone acting on defendant's behalf improperly influenced any juror, any jurors, or the jury verdict entered herein.

With regard to paragraphs 2 through 34 of plaintiff's motion, apart from the obvious observation that plaintiff neither argued nor briefed the vast majority of them, they are not proper grounds to support this motion, since almost all of these paragraphs refer to matters which either have been briefed and argued previously —in fact, many of them have been briefed and re-briefed several times in the course of the trial—or they refer to matters to which plaintiff took no exception during the course of the trial and now seeks to raise for the first time.

■ The sole exception to the foregoing paragraph is plaintiff's claim of inconsistency of the answers of the jury to the special questions posed pursuant to the provisions of Fed.Rules Civ.Proc. Rule 49, 28 U.S.C.A. I am of the opinion that there is no merit to any of plaintiff's claims of inconsistency between the various answers, and I believe that the evidence warranted a finding that while the defendant maintained a general monopoly in the shoe machinery industry during the years in question, a jury could, and did, properly find that the defendant did not have a monopoly in the particular segment of the shoe machinery business, side and toe lasting, in which the plaintiff enjoyed such a marked degree of success.

With regard to plaintiff's contention that the decree and findings in the Government case should have been allowed in evidence despite the time lag between the two cases, suffice it to say that the most that would have been established by the decree and findings in the Govern—.

ment case was a finding that the defendant had a general monopoly in the shoe machinery business during the years in question. The jury found, by its affirmative answer to Special Question 1, without the aid of the Government decree, that such a monopoly did exist. The decree in the Government case did not contain a finding by Judge Wyzanski of a limited or special monopoly, nor would it have resolved Special Questions 3, 4, or 5 in plaintiff's favor.

The remaining grounds of plaintiff's motion are adequately disposed of by defendant's memorandum in opposition to the allowance of this motion and I will not prolong this memorandum by examining them *seriatim* where plaintiff has not briefed or argued them.

The motion to vacate judgment and for a new trial is denied.